UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>JUAN VICTOR BARRERAS-ADRIANO,<br><br>Defendant/Movant. | Case No. 2:14-cr-00236-KJD-VCF<br>2:17-cv-00192-KJD<br><br>ORDER |

Presently before the Court is Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#44). The Government filed a response in opposition (#51).

I. Background

Movant Juan Victor Barreras-Adriano ("Barreras-Adriano" or "Defendant") is in federal custody serving a 57-month sentence imposed by this Court on a conviction for illegal reentry in violation of 8 U.S.C. § 1326. Barreras-Adriano filed the present motion timely on January 20, 2017, within one year after this Court entered Judgment (#43). This Court has jurisdiction under 28 U.S.C. § 2255.

On July 2, 2014, a grand jury indicted Defendant after being found in the United States after having been deported and removed from the United States on at least two prior occasions. After continuing the trial dates several times while Defendant explored the possibility of challenging his prior removals, Barreras-Adriano pled guilty on September 22, 2015 without the benefit of a plea agreement. At his change of plea hearing, Defendant initially sought appointment of new counsel due to his counsel's failure to challenge his prior removals. After consultation, Defendant changed his mind and pled guilty. The Court canvassed Defendant and found that his plea was knowing and voluntary.

On February 8, 2016, Defendant filed a Sentencing Memorandum (#41) in which Defendant sought a sentencing variance below the voluntary guidelines minimum of fifty-seven months. At sentencing, the Court concluded, based on Defendant's criminal history and continued reentry into the United States after being removed, that the low-end guideline range sentence was necessary to satisfy the statutory purposes of punishment, deterrence, incapacitation and rehabilitation.

Defendant now argues that he received ineffective assistance of counsel when his counsel: 1) failed to "help him in any way" and promised a lower sentence; 2) promised eligibility for a "fast track" sentence; 3) failed to communicate to the Court his "excruciating circumstances" and that he had to support his family; 4) caused him to forfeit his appellate rights; and 5) failed to have new guidelines, which had not taken effect, applied to his case.

II.  Standard of Review

To establish ineffective assistance of counsel, a defendant must show both deficient performance of counsel and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. at 689.  A tactical decision by counsel with which the defendant disagrees cannot form the basis of an ineffective assistance claim. Id.; Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir. 1984).

To show prejudice, a defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.  The Supreme Court recently re-emphasized the burdens a defendant must overcome to establish ineffective assistance of counsel:

> Surmounting Strickland's high bar is never an easy task. An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous

> care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve. Even under de novo review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence. The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom.

Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotations and citations omitted).

In order to establish a meritorious claim of ineffective assistance of counsel, a defendant must show both deficient performance and prejudice. Williams v. Calderon, 52 F.3d 1465, 1469 (9th Cir. 1995). There is no need to evaluate counsel's performance if the petitioner fails to show his defense was prejudiced by counsel's alleged errors. Strickland, 466 U.S. at 697.

III. Analysis

Here, the very clear statements Defendant made at his plea colloquy and sentencing contradict the assertions Defendant has made in his 2255 motion. Defendant asserts that his attorney did nothing to help him, promised him a sentence lower than that which he received, that he would receive "fast track" sentencing consideration, and that his attorney caused him to surrender his rights to appeal. However, during his plea and his sentencing, under oath, Defendant assured the Court that he: 1) was pleading guilty because he was in fact guilty and for no other reason; 2) that his attorney had reviewed the charges, the evidence against him and possible defenses with him; 3) that no one had made any promises to him regarding his sentence; and 4) was aware that he could appeal any sentence the Court imposed.

"Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea." United States v. Ross, 511 F.3d 1233, 1236–37 (9th Cir. 2008) (citing United States v. Kaczynski, 239 F.3d 1108, 1115 (9th Cir. 2001) (giving "substantial weight" to a defendant's in-court statements in determining whether a guilty plea was voluntary)); United States v. Anderson, 993 F.2d 1435, 1438 (9th Cir. 1993)

("[S]tatements made by a criminal defendant contemporaneously with his plea should be accorded great weight because [s]olemn declarations made in open court carry a strong presumption of verity.") (internal quotation omitted)); see also Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989). Further, a district court may deny a 28 U.S.C. § 2255 motion without an evidentiary hearing if the defendant's allegations, viewed against the record, "either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989)

The Court, considering its observation of Defendant during the plea colloquy and sentencing hearing, finds that his testimony at those hearings, contemporary with the events at issue, is more reliable and believable than his contradictory, self-serving statements contained in his 2255 motion. Thus, his section 2255 claims relating to whether his attorney appropriately aided in his defense, whether his attorney promised him he would receive a lower sentence, and whether he understood his appeal rights are dismissed.

Defendant also argues that his counsel failed to explain his "excruciating circumstances" to the Court and, thereby, obtain a sentencing variation. However, the record belies this claim as well. Counsel filed a Sentencing Memorandum (#41) in which Defendant's personal and family history and circumstances were detailed. Further, counsel argued at the sentencing hearing for a variation based on those circumstances. This claim is patently untrue and is dismissed.

Next, construing his pro se motion liberally, Defendant argues that his counsel should have secured the application of amendments to the sentencing guidelines which had not yet taken effect. The timely application of those guidelines may have resulted in a four-point reduction in his offense level. However, those amendments had not taken effect when Defendant was sentenced. Defendant has adduced neither statutory authority nor case law to support his argument. Therefore, the Court denies this claim.

Finally, construing his pro se motion liberally, Defendant appears to argue that his criminal history is over-represented. Defendant asserts that his attorney should have done more to have his criminal history points reduced. However, Defendant has done nothing to specifically

argue which parts of his criminal history are over-represented and how. Again, Defendant has not adduced any statutory or case law that supports his position. Having reviewed the record, it is clear that Defendant has a serious and extensive history of drug possession and drug trafficking offenses. He had two qualifying convictions under U.S.S.G. § 2L1.2(b)(1)(A). Therefore, he appropriately received a sixteen level enhancement to his base offense level. Accordingly, this claim is dismissed.

IV. Certificate of Appealability

The Court must decide whether to grant Movant a certificate of appealability. A certificate of appealability permits a § 2255 petitioner to pursue a direct appeal from a district court's final order denying the petition. It is only available where the petitioner has made a "substantial showing" of a constitutional deprivation in his initial petition. 28 U.S.C. § 2253(c)(2); United States v. Welch, 136 S. Ct. 1257, 1263 (2016). A petitioner has made a substantial showing of a constitutional deprivation when reasonable jurists could debate whether the petition should have been resolved in a different manner. Slack v. McDaniel, 529 U.S. 473, 484 (2000). This is not the case here. Movant's arguments are belied by the record. He has further failed to support other arguments with specific facts or citation to legal authority. He has neither shown that his counsel's performance was deficient nor that he was prejudiced by that performance. Therefore, Movant has not made the substantial showing necessary to warrant a certificate of appealability.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#44) is **DENIED**;

IT IS FURTHER ORDERED that Movant is **DENIED** a Certificate of Appealability.

DATED this 17th day of October 2019.

_____
Kent J. Dawson
United States District Judge